UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MITCHELL,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | No. 2:24-cv-0713 CKD P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On April 1, 2024, plaintiff filed a motion for an extension of time to file a motion for leave to proceed in forma pauperis. Good cause appearing, that request will be granted and plaintiff's motion to proceed in forma pauperis will be deemed timely.

Because plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request for leave to proceed in forma pauperis will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

1

1 Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding
2 month's income credited to plaintiff's prison trust account. These payments will be forwarded by
3 the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
4 exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

5     The court is required to screen complaints brought by prisoners seeking relief against a
6 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
7 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
8 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
9 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

10     To avoid dismissal for failure to state a claim a complaint must contain more than "naked
11 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
12 action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
13 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
14 statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim
15 upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
16 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
17 the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.
18 at 678. When considering whether a complaint states a claim upon which relief can be granted,
19 the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and
20 construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
21 U.S. 232, 236 (1974).

22     The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon
23 which relief can be granted under federal law. Plaintiff's complaint must be dismissed. The
24 court will, however, grant leave to file an amended complaint.

25     If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
26 complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v.
27 Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in
28 specific terms how each named defendant is involved. There can be no liability under 42 U.S.C.

§ 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff asserts claims arising under California law, but plaintiff fails to plead compliance with the California Tort Claims Act. Plaintiff is informed that before he may proceed on a claim arising under California law in this court he must comply with the terms of the California Tort Claims Act, and then plead compliance. See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995). Complaints must present facts demonstrating compliance, rather than simply conclusions suggesting as much. Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 209 (2007).

Plaintiff complains about conditions of confinement. Under the Eighth Amendment, prison officials have a duty to protect prisoners from harmful conditions of confinement. See Farmer v. Brennan, 511 U.S. 825, 833 (1994). A prison official may be held liable for subjecting an inmate to harmful conditions of confinement if an inmate suffers a sufficiently serious injury, and the prison official was deliberately indifferent to the risk of harm. Id. at 834, 837. The relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." Id. at 834 (internal quotation omitted).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file a motion for leave to proceed in forma pauperis (ECF No. 4) is granted. Plaintiff's motion for leave to proceed in forma pauperis is timely.

/////

/////

2. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6 & 7) is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Plaintiff's complaint is dismissed.

5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: April 10, 2024

_\[signature\]_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mitc0713.14