UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:24-cv-0713 CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On April 10, 2024, the court dismissed plaintiff's complaint with leave to amend. Plaintiff has filed an amended complaint.

The court is required to screen complaints brought by prisoners, such as plaintiff, seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

The court has reviewed plaintiff's amended complaint and finds that it fails to state a claim upon which relief can be granted under federal law. Plaintiff's amended complaint must be dismissed. However, the court will grant plaintiff one final opportunity to state a claim upon which he might proceed.

The closest plaintiff comes to stating a claim is with respect to denial of timely decontamination for pepper spray exposure. Plaintiff asserts that there was delay caused by defendants Early, Parker, and Luciano, but is vague about the details. Plaintiff might be able to state a claim by indicating the length of the delay and by pointing to facts suggesting the delay was a manifestation of deliberate indifference by a defendant to serious risk of harm. See Farmer v. Brennan, 511 U.S. 825, 833-37 (1994).

With respect to the exposure to pepper spray, plaintiff was not an intended target. Rather, the spray was used to stop other inmates from fighting. Plaintiff was exposed when the spray unintentionally drifted into plaintiff's cell. Any claim that the appearance of the pepper spray in plaintiff's cell was the result of deliberate indifference to a serious risk of harm is vague and not supported.

Plaintiff is reminded that there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations, such as allegations against supervisors simply because they are supervisors, are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).\

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear

the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: October 2, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mitc0713.14(2)