UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MITCHELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | No.  2:24-cv-0713 CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On October 2, 2024, the court dismissed plaintiff's amended complaint with leave to amend. Plaintiff has filed a second amended complaint.

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

　　　　While not entirely clear, it appears plaintiff suffered second-hand exposure to a chemical agent like pepper spray which caused him difficulty breathing. Plaintiff sought assistance and complains about a delayed response and the exposure itself. For the most part, plaintiff fails to

-
-

identify anyone in particular who caused plaintiff injury. Plaintiff does point to one officer and blames that officer for the exposure. But plaintiff fails to point to facts suggesting the exposure was the result of that officer being at least deliberately indifferent to a serious risk of harm. See Farmer v. Brennan, 511 U.S. 825, 834-837 (1994).

Plaintiff asserts claims arising under California law, but fails to plead compliance with the California Tort Claims Act. See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995). Complaints must present facts demonstrating compliance, rather than simply conclusions suggesting as much. Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 209 (2007).

For these reasons, plaintiff's second amended complaint fails to state a claim upon which plaintiff can proceed. The court has already given plaintiff two attempts to cure the defects in his pleadings and plaintiff has not been able to do so. Granting a third attempt appears futile.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint be dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 24, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/mitc0713.frs